UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24092-RAR

**STRIKE 3 HOLDINGS, LLC**,
*a limited liability company*,

      Plaintiff,

v.

**JOHN DOE**,
*subscriber assigned IP address
108.227.119.54, an individual*,

      Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference ("Motion"), [ECF No. 6]. Having carefully considered the Motion and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as follows.

### BACKGROUND

In its Complaint, [ECF No. 1], Plaintiff alleges that Defendant has engaged in ongoing copyright infringement of Plaintiff's motion pictures by both downloading the motion pictures and distributing them to others "on a grand scale." *See* Compl. ¶¶ 1–5. Because Defendant only used the internet, Defendant is known to Plaintiff only by Defendant's Internet Protocol ("IP") address (assigned to Defendant by Defendant's Internet Service Provider ("ISP")). *Id*. Plaintiff now moves the Court for leave to serve a third-party subpoena prior to a Rule 26(f) conference. Plaintiff seeks to serve limited, immediate discovery on Defendant's ISP, AT&T Internet, in the form of a

Rule 45 subpoena, so that Plaintiff may learn Defendant's identity, investigate its role in the infringement, and effectuate service. Mot. at 1.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(d)(1), except for circumstances not applicable here, a party may not propound discovery in advance of a Rule 26(f) conference absent a court order. In determining whether to permit early discovery, courts generally apply a good cause standard. *See, e.g.*, *Sterling v. Doe*, No. 21-CV-723, 2021 WL 3134723, at *1 (M.D. Fla. June 8, 2021); *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 76.26.184.222*, No. 21-CV-727, 2021 WL 3129308, at *1 (M.D. Fla. May 12, 2021); *Plastic Movie Ltd. v. Doe*, No. 15-CV-60690, 2015 WL 12843766, at *1 (S.D. Fla. Apr. 14, 2015); *Malibu Media, LLC v. John Doe*, No. 13-CV-259, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013).

Courts have found that certain factors are relevant to determining whether good cause exists to grant leave for a Rule 45 subpoena. These include: "(1) whether Plaintiff has made out a prima facie claim of copyright infringement, (2) the specificity of the discovery requested, (3) the absence of alternative means to obtain subpoenaed information, (4) necessity for the subpoenaed information, and (5) Defendant's expectation of privacy." *Plastic Movie Ltd.*, 2015 WL 12843766 at *1 (citing *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

Upon carefully considering the above-listed factors, the Court concludes that good cause exists for the expedited discovery sought by Plaintiff.[1] Plaintiff has established a prima facie claim

---

[1] In so finding, the Court is relying on the representations made by Plaintiff in the Motion that it is "mindful of the nature of the litigation" and its "goal is to not publicly disclose the choices that people make regarding the content they wish to enjoy"; that it "does not seek to force anyone to settle unwillingly, especially anyone that is innocent"; that it "only files suit against extreme infringers"; that "each lawsuit is brought against infringers that not only engage in illegal downloading, but who are also large-scale unauthorized distributors of [Plaintiff's] content"; that it does "not send demand letters"; and that it "has a policy to: (1) enter into confidentiality agreements with Defendants to facilitate resolution of a case; and (2) stipulate to requests by Defendants for the entry of orders in litigation to maintain the confidentiality of a defendant's

of copyright infringement (which requires ownership of a valid copyright and copying of constituent elements of the work that are original). *See* Mot. at 6–7; *see also* Compl. ¶¶ 47–52. Further, Plaintiff seeks limited and specific discovery and has no other way to access Defendant's identifying information. Mot. at 6–7. Without this information, Plaintiff is unable to pursue its claims. *Id.* at 7–9. Lastly, the Court finds that any privacy interest Defendant may have is outweighed by Plaintiff's interest in ascertaining Defendant's identity to pursue its claims. *See Call of the Wild Movie, LLC v. Does 1-1, 062*, 770 F. Supp. 2d 332, 349 (D.D.C. 2011).

The Court notes that, at this stage of the litigation, and for purposes of this Motion only, it is satisfied that venue is proper in this district. Courts in this district have previously found that the Maxmind geolocation technology used here to pinpoint the subject IP address to the Southern District of Florida is reliable. *See Strike 3 Holdings, LLC v. John Doe subscriber assigned IP Address 45.31.52.221*, No. 21-CV-82520, 2022 WL 67424, at *2 (S.D. Fla. Jan. 6, 2022).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, [ECF No. 6], is **GRANTED.**

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall then comply with 47 U.S.C. § 551(c)(2)(B), by sending a copy of this Order to the Defendant.

---

identity." Mot. at 4. The Court is specifically relying upon these representations from Plaintiff and Plaintiff's counsel in entering this Order and expects each of these representations to be honored by Plaintiff and Plaintiff's counsel.

4. Any information and documents received by Plaintiff pursuant to the subpoena shall remain confidential, shall only be used for purposes of this litigation, and shall be handled and utilized by Plaintiff and its counsel in a professional and ethical manner.

**DONE AND ORDERED** in Miami, Florida, this 13th day of November, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**